IN WASHINGTON SUPERIOR COURT.

JORDAN *vs.* The Administrators of JORDAN.

## Case. *Verdict for Plaintiff, and Motion for New Trial by Defendants.*

THE defence to this action is a failure of consideration. The consideration for the notes, to recover which the suit is brought, was the plaintiff's interest in a tract of land on which the plaintiff then resided, an interest well known to the intestate of the defendants. This interest was relinquished by the plaintiff to the intestate, and he was immediately put by the plaintiff in the peaceable possession of the land, which possession has never in any way been disturbed.

At the trial, the questions which arose were,

1st. Could the defence be sustained by proof of a partial failure of consideration?

2d. Could the defendants, being in the peaceable and undisturbed possession of the land for which, or a special interest in which, the notes were given, resist their recovery at law, from a mere apprehension that they might possibly at some future time be disturbed?

These questions were decided in the negative, and the court, upon advisement, believes properly so decided.

The court held at the trial, and still holds, that the sale of a special interest in land does not amount to a general warranty of title; and that the recital in the relinquishment made by the plaintiff to the defendants' intestate, of a promise from their father to make him title, did not constitute a warranty: especially as the title was known by the intestate to be in the father at the time he purchased the plaintiff's interest, which he did at the suggestion, and upon the advice of the father, who promised if he would, to give him title.

Having well considered this case, and believing the verdict to be right, and in accordance with law, equity, and justice, the motion is refused.

*Margin notes:*

To an action upon a note, the defendant will not be allowed to prove a partial failure of consideration.

A sale of a special interest in land does not amount to a warranty of title; and if the relinquishment to the purchaser simply recites the promise of a third person to make title, this will not constitute a warranty.

A purchaser of a special interest in land, who gives his note for the purchase money, and is in quiet possession of the land, shall not be protected from the payment of the note, from a mere apprehension of being disturbed at some future time.